IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **STEVEN T. CORBIN,** | * | |
| Plaintiff, | * | |
| v. | * | Case No. RWT 16-cv-1495 |
| **ATTORNEY GENERAL LORETTA E. LYNCH, et al.** | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

On November 4, 2015, Plaintiff Steven Corbin (Corbin), proceeding *pro se*, filed a Complaint against numerous Defendants in the Circuit Court for Montgomery County, Maryland, which Defendants removed to this Court on May 18, 2016. ECF No. 1 at 1. The Amended Complaint named as Defendants former Attorney General Loretta E. Lynch, as well as other federal officials at the United States Office of Personnel Management, the United States Office of Management and Budget, and the former Secretary of Labor. ECF No. 2 at 1. Although significant portions of Plaintiff's Amended Complaint are unclear, Corbin appears to allege fraud, an "other" labor violation, an "other" violation of "family heirlooms," a fraudulent contract claim, and a copyright infringement claim. *Id.* at 2. Similar to Corbin's prior lawsuit before this Court, *see* ECF Docket for Case No. 8:15-cv-02118-RWT, Entry #2 (hereinafter Corbin I), Corbin provided no factual basis for his allegations. *See* ECF No. 2.

On July 18, 2016, the Defendants filed a Motion to Dismiss in this case. ECF No. 27. On July 19, 2016, the Clerk of this Court mailed a letter to Corbin informing him of the Defendants' Motion and warning him that if he failed to "file a timely written response, the

Court may dismiss the case or enter judgment against [him] without further notice." ECF No. 28 at 1.  The letter was not returned, and he did not file a response.

On April 23, 2015, Corbin filed a *pro se* Complaint in Corbin I against the Assistant Attorney General for Administration, staff at the Department of Justice, as well as a number of other federal officials, alleging "contributory infringement, harassment (detrimental), wiretapping, collusion, [and] assault."  ECF Docket for Case No. 8:15-cv-02118-RWT, Entry #2 at 2.  On November 10, 2015, this Court granted a Motion to Dismiss for Failure to State a Cause of Action due to Corbin's failure to provide a factual basis for the allegations.  ECF Docket for Case No. 8:15-cv-02118-RWT, Entry #28 at 2–4.  Six days prior to the Court's ruling on the Motion in Corbin I, Corbin commenced this case in the Circuit Court for Montgomery County, Maryland, naming the above-named Defendants.  ECF No. 1 at 1–2.  The Court will now address all of the pending motions.

   I.   **Legal Standard**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). The complaints of *pro se* plaintiffs are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.; *see also Simmons & United Mortg. & Loan Invest,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (internal quotations and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6). . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

A final judgment on the merits of an action precludes the parties or their privies from litigating issues that were, or could have been, raised in that action. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Pueschel v. United States*, 369 F.3d 345, 354 (4th Cir. 2004). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, the doctrine of *res judicata* minimizes the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Union Carbide Corp. v. Richards*, 721 F.3d 307, 314 (4th Cir. 2013) (internal punctuation altered). For the doctrine of *res judicata* to apply, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits. *Pueschel*, 369 F.3d at 354–55 (citing *Nash County Bd. Of Educ. v. Biltmore Co.*, 640 F.2d 484, 486 (4th Cir. 1981)). "Identity of the cause of action exits if two claims arise out of the same transaction or series of transactions or the same core of operative facts." *Nathan v. Takeda Pharms. Am., Inc.*, 546 Fed. Appx. 176, 178 (4th Cir. 2013) (citing *Union Carbide Corp.*, 721 F.3d at 314). "Privity between parties exists when the interests of one party

are so identified with the interests of another that representation by one party is representation of the other's legal right." *Takeda Pharms. Am., Inc.*, 546 Fed. Appx. at 178 (citing *Weinberger v. Tucker*, 510 F.3d 486, 491 (4th Cir. 2007)).

Collateral estoppel precludes a party from litigating issues of fact or law that are identical to the issues which have been actually and necessarily decided in prior litigation. *In re: Microsoft Corp. Antitrust Litigation*, 355 F.3d 322, 326 (4th Cir. 2004). To demonstrate that collateral estoppel applies, the proponent must demonstrate that:

> (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding.

*Id.* (citations omitted). The Court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issues of fact. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

**II. Analysis**

The Defendants argue that the case should be dismissed for failure to state a claim on the basis of *res judicata* and collateral estoppel. ECF No. 27-1 at 1. They argue that this Court's dismissal in Corbin I for failure to state a claim is a dismissal on the merits entitled to *res judicata*. *Id.* at 6 (citing Fed. R. Civ. Pro. 41(b); *Mclean v. United States*, 566 F.3d 391, 396 (4th Cir. 2009) (collecting cases holding dismissing case pursuant to 12(b)(6) is a decision on the merits)). In addition, they argue that any discrimination or retaliation claims should be barred because Corbin asserted similar allegations of discrimination in two complaints before the Merit System Protection Board ("MSPB"). ECF No. 27-1 at 6. The Court takes judicial notice of the

4

two MSPB Decisions, dismissing Corbin's complaints, that are attached as Exhibits "B" and "C" to the Motion to Dismiss.  *See Andrews*, 201 F.3d at 524.

Here, the Defendants argue that Corbin did not "raise any claims that he was otherwise unable to bring in Corbin I or before the MSPB."  ECF No. 27-1 at 6.  In support of their argument that Corbin seeks to raise allegations that arise "out of the same transaction or series of transactions or the same core of operative facts" as Corbin I, *see Takeda Pharms. Am., Inc.*, 546 Fed. Appx. at 178, the Defendants reference Corbin's filings in the instant lawsuit that (1) continue to make allegations raised in Corbin I or before the MSPB concerning "Artworks, Publications, Patents, Trademarks, and Copyrights", as well as "claims regarding personal information, breach of contract, and potential employment discrimination"; and (2) "seem to suggest that [P]laintiff is attempting to use this new lawsuit to challenge this Court's prior decision, and/or the basis for removal, which [P]laintiff has already appealed to the Fourth Circuit."  ECF No. 27-1 at 6–7.  The Fourth Circuit, however, affirmed this Court's ruling dismissing Corbin I.  *See* ECF Docket for Case No. 8:15-cv-02118-RWT at Entry #35.  With Corbin's failure to respond after proper notice and the Defendants' arguments appearing meritorious, the Court will grant the Motion to Dismiss on the basis of *res judicata*.  *See Pueschel*, 369 F.3d at 354–55.

During the pendency of this action, Corbin also filed Motions to Add Supporting Documentation (ECF Nos. 8, 9, 10), a Motion for Summary Judgment (ECF No. 12), Motions to Proceed (ECF Nos. 14, 15), and a Motion to Represent the Pro Se (ECF No. 17).  Corbin's Motions to Add Supporting Documentation (ECF Nos. 8, 9, 10) will be denied.  Corbin's Motion for Summary Judgment (ECF No. 12) will be denied because, as discussed above, the Defendants have shown that Corbin is not entitled to relief.  Corbin's Motions to Proceed

(ECF Nos. 14, 15) are properly construed as memoranda, and will therefore be denied as moot.

Finally, Corbin's Motion to Represent the Pro Se (ECF No. 17) is denied as moot.

    A separate order follows.


<u>Date</u>:  March 13, 2017                                            /s/
                                                                      ROGER W. TITUS
                                                                       UNITED STATES DISTRICT JUDGE